UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SARAH GISCLAIR AS INDEPENDENT EXECUTRIX OF THE SUCCESSION OF KIRK ST. PIERRE,**<br>     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3556** |
| **GREAT AMERICAN ASSURANCE COMPANY, ET AL.,**<br>     Defendants | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss ("Motion") filed by Great American Assurance Company ("Great American").[1] The Motion seeks to dismiss claims brought by Sarah Gislcair as independent executrix of the Succession of Kirk St. Pierre ("the Succession") against Great American pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The Succession opposes the Motion.[2] For the following reasons, the Court **GRANTS** Great American's Motion.[3]

### BACKGROUND

Sarah Gisclair is the independent executrix of the Succession of Kirk St. Pierre, which owned 14155 East Main Street in Cut Off, Louisiana at the time of Hurricane Ida.[4]

---

[1] R. Doc. 14. Notably, Defendant Compu-Link Corporation, doing business as Celink, does not join the instant Motion to Dismiss. The record before the Court does not reflect that Compu-Link has been served with the Succession's amended complaint. *See* R. Doc. 17 (show cause order dated January 30, 2023). Indeed, only on February 1, 2023, did the Succession request a summons be issued to Compu-Link to notify it of the amended complaint. *See* R. Doc. 18 (request for issuance of summons); *see also* R. Doc. 19 (summons issued).
[2] R. Doc. 16 (incorporating by reference R. Doc. 8).
[3] Because Defendant Compu-Link has not yet made an appearance in this case, the Court will not dismiss Compu-Link at this time. The Court may decide to amend this Order and Reasons at a later time to dismiss Compu-Link with prejudice.
[4] R. Doc. 9 at p. 2, ¶ 3. For ease of reference, the Court will refer to this property as the "Cut Off property."

Defendant Compu-Link Corporation ("Compu-Link") held a mortgage on the Cut Off property.[5] Compu-Link purchased insurance coverage on the Cut Off property from Great American after the Succession failed to produce evidence of other coverage.[6] Defendant Great American insured a forced placed policy of insurance (the "Policy"), bearing policy number 1134319, covering the Cut Off property, to Defendant Compu-Link.[7]

On August 29, 2021, Hurricane Ida struck Louisiana, and damaged the exterior, interior, and roof of the Cut Off property.[8] The damage to the roof allowed water to infiltrate the interior.[9] Thereafter, the Succession made a claim directly with Great American,[10] the claim was adjusted,[11] and payment in an unknown amount was made to Compu-Link.[12] On November 24, 2021, the Succession sold the Cut Off property, and the payoff proceeds were overnighted to Great American.[13] The Succession was subsequently "sent a check for [actual cash value of the repairs] for $83,248.28,"[14] presumably by Compu-Link,[15] because the Succession had made and paid for all of the Hurricane Ida-related repairs to the Cut Off property.[16] "Then, despite requests," the Succession was "never paid" the "reimbursement [or replacement] cost value" for the repairs made to the Cut Off property, giving rise to the instant insurance coverage dispute.[17] The actual cash value is less than the replacement cost value of repairs because the actual cash value

---

[5] *Id.* at p. 11, ¶ 42.
[6] *Id.* at p. 11, ¶ 43.
[7] *Id.* at p. 2, ¶ 4.
[8] *Id.* at pp. 2-3, ¶¶ 5-6.
[9] *Id.*
[10] *Id.* at p. 11, ¶ 45.
[11] *Id.* at p. 11, ¶ 46.
[12] *Id.* at p. 12, ¶ 48.
[13] *Id.* at p. 12, ¶ 51.
[14] *Id.* at p. 12, ¶ 53.
[15] The Court presumes this because the Succession alleges the insurance proceeds were held in escrow by Compu-Link. *See id.* at p. 12, ¶ 49.
[16] *Id.* at p. 13, ¶ 55.
[17] *Id.* at p. 13, ¶ 54.

2

equals replacement cost value minus depreciation.[18] The Succession alleges the replacement cost value of repairs made to the Cut Off property was approximately $150,000,[19] while Great American paid the actual cash value of $83,248.28.

On August 23, 2022, the Succession filed a lawsuit against Great American and Compu-Link in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.[20] Defendant Great American removed the Succession's lawsuit to this Court on September 29, 2022.[21] This case was automatically opted into the Eastern District of Louisiana's Case Management Order No. 1 for Hurricane Ida Claims ("CMO 1").[22] On October 6, 2022, Great American filed its first motion to dismiss.[23] On October 18, 2022, the Succession filed a first amended complaint.[24] On October 19, 2022, the Court denied without prejudice Great American's motion to dismiss.[25] On October 21, 2022, the presiding magistrate judge, upon Great American's motion, opted the parties out of CMO 1 and instructed Great American to refile its motion to dismiss.[26] On October 26, 2022, Great American filed the instant Motion to Dismiss.[27]

In its amended complaint, the Succession brings a claim for breach of insurance contract, a claim for bad faith practices under La. R.S. 22:1973 and La. R.S. 1892, and a declaratory judgment claim that restates the breach of insurance contract and bad faith

---

[18] Jim Donelon, *Consumer's Guide to Homeowners Insurance*, LA. DEP'T INS. 1, 8-9 (2020), www.ldi.la.gov/docs/default-source/documents/publicaffairs/consumerpublications/consumer's-guide-to-homeowners-insurance-2020.pdf?sfvrsn=15474f52_13.
[19] R. Doc. 8 at p. 1.
[20] *See* R. Doc. 1-1 at p. 2.
[21] R. Doc. 1. Again, there is no record that the Succession ever served Defendant Compu-Link Corporation, either in state court or in federal court. Accordingly, because Defendant Great American removed this action to federal court under 28 U.S.C. § 1441, Great American did not need the consent of Compu-Link. *See* 28 U.S.C. § 1446(b)(2)(A).
[22] R. Doc. 4.
[23] R. Doc. 6.
[24] R. Doc. 9.
[25] R. Doc. 11.
[26] R. Doc. 13.
[27] R. Doc. 14.

claims.[28] The amended complaint does not clearly identify which claims are against which Defendants.

In its Motion to Dismiss, Great American contends the Policy that covers the Cut Off property is a forced placed policy issued to Defendant Compu-Link Corporation, doing business as Celink— the Succession's mortgagee.[29] Great American further avers that the Succession is not a named insured, additional insured, or third-party beneficiary under the forced placed policy.[30] In opposition, the Succession seemingly concedes it is not a named insured, additional insured, or third-party beneficiary under the Policy, but, instead, contends it is subrogated to the mortgage company's rights under the Policy.[31]

## LEGAL STANDARD

### I. Rule 12(b)(1) standard.

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[32] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[33] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[34] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[35]

---

[28] *See* R. Doc. 9.
[29] R. Doc. 14-1 at pp. 2, 3.
[30] *Id.*
[31] R. Doc. 8 at pp. 1, 2.
[32] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[33] FED. R. CIV. P. 12(b)(1).
[34] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[35] *In re FEMA*, 668 F.3d at 287.

4

"When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[36]

## II. Rule 12(b)(6) standard.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[37] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[38] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[39] However, the court does not accept as true legal conclusions or mere conclusory statements,[40] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[41] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[42]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[43] "[W]here the well-pleaded facts do not permit the court to infer

---

[36] *Valdery v. Louisiana Workforce Comm'n*, No. CIV.A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015).
[37] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[39] *Id.*
[40] *Id.*
[41] *S. Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[42] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[43] *Twombly*, 550 U.S. at 555.

more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."[44] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[45]

## LAW AND ANALYSIS

Great American moves to dismiss the Succession's claims for lack of standing under Rule 12(b)(1) and for failure to state a claim on which relief may be granted under Rule 12(b)(6). With respect to Rule 12(b)(1), Great American argues the Succession lacks standing because it is neither an insured under the terms of the Policy nor a third-party beneficiary. This actually is a challenge to the merits of the Succession's claims.[46] As have other courts,[47] this Court will treat Great American's Motion only as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

At the outset, the Court must determine whether it may appropriately consider the Policy because it falls outside of the four-corners of the amended complaint. Attached to Great American's Motion to Dismiss is the Policy that existed between Great American and Compu-Link. The policy number on the attached-Policy matches the policy number alleged in the Succession's amended complaint. The United States Court of Appeals for the Fifth Circuit has instructed, "when considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion; (2)

---

[44] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[45] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[46] *See Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 594-95 (5th Cir. 2016) (recognizing that "standing" to "sue under a contract" is "really an issue of 'contract interpretation' that goes to the merits of the claim" and is different from Article III standing).
[47] *See Riley v. Sw. Bus. Corp.*, 2008 WL 4286631, at *1 (E.D. La. 9/17/2008) (Vance, J.) (citing *Prometheus Development Co., Inc. v. Everest Properties*, 2008 WL 3822290, at *1 (9th Cir.2008) (treating a 12(b)(1) motion as a 12(b)(6) motion) (citations omitted); *see also Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981) (explaining that 12(b)(6) motions are more protective of the plaintiff's rights than 12(b)(1) motions)).

referenced in the complaint; and (3) central to the plaintiff's claims."[48] Here, the Court finds it is permissible to consider the Policy because it is attached the Great American's Motion,[49] referenced in the Succession's amended complaint,[50] and central to the Succession's claims.[51]

> **I. The Succession's breach of insurance contract claim against Great American must be dismissed.**

Because the parties invoke this Court's subject matter jurisdiction on the basis of the existence of diversity of citizenship between the parties, the Court must determine whether to apply state or federal law. "Where federal jurisdiction, as here, is based on diversity, [the Court] applies the substantive law of the forum state—[Louisiana]."[52] The Louisiana Civil Code sets forth the guiding principles for construing contracts in Louisiana.[53] "Interpretation of a contract," like an insurance policy, "is the determination of the common intent of the parties."[54] Such intent is to be derived from the language of the contract itself.[55] If that language is "clear and explicit and lead[s] to no absurd consequences, no further interpretation may be made in search of the parties' intent."[56] Words "must be given their generally prevailing meanings,"[57] and terms of art are interpreted as such only when a technical matter is at stake.[58]

---

[48] *Maloney Gaming Mgmt. v. St. Tammany Parish*, 456 Fed.Appx. 336, 340 (5th Cir. 2011).
[49] R. Doc. 14-2.
[50] *See, e.g.*, R. Doc. 9 at p. 2, ¶ 4.
[51] *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (finding consideration of insurance contracts unattached to the complaint permissible when they were attached to the motions to dismiss, referred to in the complaint, and central to plaintiffs' claims). Further, the Succession does not challenge the authentication of the Policy for purposes of this Motion.
[52] *Pearson v. BP Products North America, Inc.*, 449 Fed. Appx. 389, 390 (5th Cir. 2011).
[53] *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007); *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003).
[54] LA. CIV. CODE art. 2045.
[55] *Id.*
[56] *Id.* at art. 2046.
[57] *Id.* at art. 2047.
[58] *Id.*

7

In this case, the language of the Policy is clear and explicit. "To bring suit on an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy."[59] Great American first moves to dismiss the Succession's breach of insurance contract claim because the Succession is not a named insured or additional insured under the Policy. The Succession does not allege it is a named insured under the Policy.[60] The Succession does allege, however, in conclusory form and upon information and belief, that it is an additional insured under the Policy.[61] The Succession alleges in its amended complaint that it is an additional insured only "upon information and belief"[62] because, it represents, it was not provided a copy of the Policy until Great American's first motion to dismiss was filed.[63] The Court has reviewed the Policy attached to Great American's Motion to Dismiss, which unambiguously states "[t]he mortgagor or tenant *is not an insured or additional insured* under the policy."[64] Accordingly, the Succession cannot state a claim for relief under the Policy on the basis of it being an additional insured because the Succession clearly is not.

For the first time, in opposition to the instant Motion to Dismiss, the Succession vaguely argues it is subrogated to Compu-Link's rights as the insured under the Policy.[65] It bears mentioning that allegations absent from the Succession's amended complaint but made in opposition to the Motion to Dismiss may not be considered.[66] "[N]ew allegations

---

[59] *Hahn v. Great Am. Assurance Co.*, 2021 WL 4888910, at *2 (W.D. La. 10/19/2021).
[60] *See generally* R. Doc. 9.
[61] *See id.* at p. 2, ¶ 4.
[62] *Id.*
[63] *See* R. Doc. 8 at p. 1 n.1.
[64] R. Doc. 14-2 at p. 34 (policy change number one, effective May 1, 2013) (emphasis added).
[65] *Id.* at p. 2.
[66] The Succession argues in opposition that its subrogation theory *was* alleged in its amended complaint because the amended complaint includes a catch-all allegation that the Succession is entitled to recovery "by operation of Louisiana law." R. Doc. 8 at p. 1. Even accepting that as true, the subrogation theory is indisputably an expansion of the Succession's catch-all allegation. And, like new allegations, "expanded

8

in opposition [a]re irrelevant for Rule 12(b)(6) purposes."[67] However, even if the new allegations in opposition could be considered, none of them is sufficient to defeat a motion to dismiss.

In its opposition, the Succession argues, having "paid for all of the repairs to the damaged home," it is subrogated to the mortgage company's rights under the Policy and stands in its place to maintain this litigation.[68] In terms of legal support, the Succession relies solely on Louisiana Civil Code article 1829, which provides five separate bases for subrogation by operation of law.[69] The Succession fails, however, to explain how payment for repairs to the Cut Off property entitles it to be subrogated to the rights of the mortgagee.[70]

The Louisiana Civil Code defines "subrogation" as "the substitution of one person to the rights of another."[71] Subrogation is either by contract or by operation of law.[72] The Succession points to no contractual basis for subrogation. Further, the Court finds that the Succession has not pointed to sufficient facts to support subrogation by operation of law. Article 1829 provides:

> Subrogation takes place by operation of law:
> (1) In favor of an obligee who pays another obligee whose right is preferred to his because of a privilege, pledge, mortgage, or security interest;

---

allegations in opposition to a motion to dismiss . . . are not considered when ruling on a 12(b)(6) motion." *Bryan v. City of Carlsbad*, 297 F.Supp.3d 1107, 1115 (S.D. Calif. 3/20/2018).
[67] *Douglas v. Kalanta*, 2022 WL 1671728, at *6 (E.D. Calif. 11/7/2022).
[68] *Id.* at p. 2.
[69] *Id.*
[70] To the extent the Succession suggests the Court is required to accept as true its legal conclusion, which masquerades as a factual allegation, that "Plaintiff is [] entitled to reimbursement . . . under Louisiana law," the Succession is wrong. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* R. Doc. 8 at pp. 2-3. Further, the Succession's contention that notice pleading is sufficient to survive a motion to dismiss in federal court also is wrong. *See, e.g., Ashcroft*, 556 U.S. at 662; Monette Davis, *Applying* Twombly/Iqbal *on Removal*, AM. BAR. ASS'N (Apr. 30, 2020), https://www.americanbar.org/groups/litigation/committees/pretrial-practice-discovery/practice/2020/applying-twombly-iqbal-on-removal/.
[71] LA. CIV. CODE. Art. 1825.
[72] *See Institute of London Underwriters v. First Horizon Ins. Co.*, 972 F.2d 125, 127 (5th Cir. 1992) (noting that the "common-law theory of equitable subrogation does not exist in Louisiana.").

(2)  In favor of a purchaser of movable or immovable property who uses the purchase money to pay creditors holding any privilege, pledge, mortgage, or security interest on the property;
(3)  In favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment;
(4)  In favor of a successor who pays estate debts with his own funds; and
(5)  In the other cases provided by law.

The Succession does not specify the subsection of article 1829 on which it relies. The only subsections that might apply are subsections 1829(3) or 1829(5).[73] Taking the latter first, the Succession does not cite any cases in which a homeowner is subrogated to the rights of its mortgagee by operation of article 1829(5).

In terms of the former, article 1829(3), three elements must exist for subrogation to occur under this subsection: (1) the Succession was an obligor who paid a debt; (2) the debt paid by the Succession was owed with others or for others; and (3) the Succession has recourse against those others as a result of the payment. By the plain language of article 1829(3), "[a] distinction is made between obligors bound *with* others and obligors bound *for* others."[74] "Due to the exceptional nature of subrogation by operation of law, the right is strictly construed."[75] "Pursuant to article 1829(3), 'the initial inquiry is whether the obligor is bound 'with . . . or for others,' and in order for an obligor to be bound, the obligation must be solidary and indivisible."[76]

The Court finds the Succession did not point to sufficient facts to state a plausible claim based on subrogation. Beyond reciting the statutory mantra, the Succession does not even mention the facts necessary to establish the required elements for subrogation

---

[73] The Court assumes this because these are the only subsections that even plausibly relate to the Succession's allegations.
[74] Saul Litvinoff, *Subrogation*, 50 La. L. Rev. 1144, 1170 (1990) (emphasis in original).
[75] *Martin v. La. Farm Bureau Cas. Ins. Co.*, 638 So.2d 1067, 1068 (La. 1994).
[76] *Liberty Mut. Ins. Co v. Jotun Paints, Inc.*, 2008 WL 819078, at *6 (E.D. La. 3/25/2008) (Africk, J.) (quoting *A. Copeland Enterprises, Inc. v. Slidell Memorial Hosp.*, 657 So.2d 1292, 1297 (La. 1995) (Johnson, J.)).

under Louisiana Civil Code article 1829(3) in its amended complaint or in its opposition to the instant Motion to Dismiss. To the limited extent the Succession does mention facts relevant to the elements, they cut against the Succession's claim. For example, in opposition, the Succession argues only that it "was obligated to make the repairs to the mortgaged home," not that the Succession paid "debts owed with or for others," *i.e.*, the second element under Louisiana Civil Code article 1829(3). Moreover, in terms of the third element—that the Succession has recourse[77] against the other obligors with whom or for whom the Succession is bound— the Succession alleges it is entitled to recourse because of the Policy and Louisiana law. The Court has already determined the Succession is not entitled to recourse under the Policy. And, broadly alleging an entitlement to recourse "under Louisiana law" is the quintessential example of an allegation that cannot survive a 12(b)(6) motion to dismiss. At bottom, the Succession's scattershot references to "subrogation" fail to plausibly plead the required elements of subrogation under Louisiana law.

Finally, Defendant moves to dismiss the Succession's breach of insurance contract claim because the Succession is not a third-party beneficiary of the Policy. The Succession does not allege it is a third-party beneficiary of the Policy. Even if the Succession did, this argument would fail. "Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autri*, and is never presumed."[78] To establish a stipulation *pour autri*, a party must demonstrate that: "(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided by the third party; and

---

[77] The Succession interchangeably refers to subrogation as the right of reimbursement. *See* R. Doc. 8 at p. 2. "Subrogation" and "reimbursement" are different in principle, although similar in effect; with subrogation, a party stands in the shoes of another, but with reimbursement, a party has a direct right of repayment. *See A. Copeland Enterprises, Inc.*, 567 So.2d at 1298-99.
[78] *Johnson v. Am. Sec. Ins. Co.*, 2023 WL 143325, at *3 (E.D. La. 1/10/2023) (Vitter, J.).

11

(3) the benefit is not a mere incident of the contract between the promisor and promisee."[79] It is undisputed that the Policy was purchased by the Succession's mortgagee to protect its own interest in the value of its collateral for the mortgage—the Cut Off property. It is well-settled that, under these circumstances, mortgagors are not third-party beneficiaries of insurance policies their mortgagees place on their properties.[80] "As with all forced placed policies, [the mortgagee] initiated coverage in order to protect its own security interest in the property, not to provide any sort of benefit for the mortgagor."[81] Indeed, "the very purpose of a forced place policy is to cover the uninsured portion of the mortgagee's interest."[82] Though the Succession "may incidentally benefit from the stopgap coverage," the Succession "was not an intended beneficiary and is thus not entitled to enforce the contract in court."[83] "The mere fact that the Plaintiff[] may have been allowed to adjust the loss directly with [Great American] does not dictate a different result."[84] As a result, amendment to assert the Succession is a third-party beneficiary under the Policy would be futile and will not be allowed.

The Succession's breach of insurance contract claim against Great American must be dismissed.

---

[79] *Id.* (internal quotations omitted).
[80] *See, e.g.*, *Harrison v. Safeco Ins. Co. of America*, 2007 WL 1244268 (E.D. La. 2007) (holding that plaintiffs were not third-party beneficiaries of insurance policies their mortgage companies placed on their properties); *Conner v. Great American Assur. Co.*, 2007 WL 521368 (W.D. La. 2007) (holding that plaintiffs, mortgagors, had no right to insurance proceeds from policy purchased by mortgagee, even though they paid insurance premiums for the policy); *Hahn, et al. v. Great American Assurance Co.*, 2021 WL 4888910 (W.D. La. 2021).
[81] *Riley v. Sw. Bus. Corp.*, 2008 WL 4286631, at *3 (E.D. La. 9/17/2008) (Vance, J.).
[82] *Id.*
[83] *Id.*
[84] *See Sanchez v. Certain Underwriters at Lloyds, London*, 2008 WL 687200, at *2 (E.D. La. 3/10/2008) (Fallon, J.).

### II. The Succession's bad faith practices claim against Great American must be dismissed.

The Succession also brings a claim for bad faith practices against Great American under La. R.S. 22:1973 and La. R.S. 22:1892. To state a claim under either of these statutes, however, the Succession must possess "a valid, underlying, substantive claim upon which insurance coverage is based." Because the Succession has no underlying claim for damages under the contract, the Succession's claim under La. R.S. 22:1927 and La. R.S. 22:1892 must be dismissed.[85]

### III. The Succession's claim for declaratory relief against Great American must be dismissed because it is redundant.

"Courts uniformly dismiss declaratory judgment claims under Federal Rule of Civil Procedure 12(b)(6) if they are redundant of the substantive legal claims."[86] A declaratory judgment claim is redundant if it "seek[s] resolution of issues that will be resolved as part of the [non-declaratory] claims in the lawsuit."[87] The Succession seeks declaratory judgment that it is an additional insured under the Policy and declaratory judgment that it is entitled to recover under the Policy and/or Louisiana law for making all repairs of Hurricane Ida damage to the Cut Off property.[88] The Succession's claim for declaratory relief is entirely duplicative of its claims for breach of insurance contract and bad faith. The Succession's declaratory relief claim is, therefore, redundant in that it seeks resolution of issues that will necessarily be resolved as part of its non-declaratory claims.

---

[85] *See, e.g.*, *Barbe v. Ocwen Loan Servicing, LLC*, 383 F.Supp.3d 634, 643 (E.D. La. 5/22/2019) (Feldman, J.) ("And because the plaintiff has not stated a breach of contract claim against [the defendant], [the plaintiff] likewise may not bring a claim for bad faith claims handling practices under La. R.S. 22:1892 or 22:1973.").

[86] *Omkar, LLC v. AmGUARD Ins. Co.*, No. CV 22-1462, 2022 WL 3924291, at *2 (E.D. La. Aug. 31, 2022) (citing *Perry v. H.J. Heinz Co. Brands, LLC*, No. 19-280, 2019 WL 2423231, at *3 (E.D. La. June 10, 2019)); accord *Lewis v. U.S. Army Corps of Engs.*, No. 18-1838, 2020 WL 4785045, at *2 (E.D. La. 2020); *Veal v. Wells Fargo Bank*, No. 16-3998, 2016 WL 6024534, at *6 (E.D. La. Oct. 13, 2016).

[87] *Omkar*, 2022 WL 3924291, at *2 (citing *Perry*, 2019 WL 2423231, at *3).

[88] R. Doc. 9 at p. 14.

## CONCLUSION

**IT IS ORDERED** that Defendant Great American's Motion to Dismiss[89] is **GRANTED**,[90] and the Succession's claims against Defendant Great American are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 3rd day of February, 2023.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[89] R. Doc. 14.

[90] The Succession has already amended its complaint after Great American filed its first motion to dismiss the Succession's claims. When the Succession filed an amended complaint, the Court denied Great American's motion to dismiss without prejudice. To grant the Succession an additional opportunity to amend would be futile and would cause undue prejudice to Defendant. Accordingly, the Court will not grant the Succession leave to amend again and the dismissal of the Succession's claims against Great American is with prejudice.